IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY L. WARD, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 15-487-LPS |
| STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM

### I. BACKGROUND

In 1989, a Delaware Superior Court jury convicted Petitioner Larry L. Ward of attempted first degree murder and possession of a deadly weapon during the commission of a felony. *See Ward v. State*, 115 A.3d 1216 (Table), 2015 WL 35365, at *1 (Del. May 28, 2015). The Superior Court sentenced him to life imprisonment plus a term of years. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Ward v. State*, 575 A.2d 1165 (Del. 1990).

In 1992, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1989 convictions. The Honorable Roderick R. McKelvie denied the petition as meritless. *See Ward v. Snyder*, Civ. A. No. 92-359-RRM (D. Del. June 9, 1993).

Petitioner filed a subsequent habeas petition in January 2002, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction, because it constituted an unauthorized second or successive petition. *See Ward v. Carroll*, Civ. A. No. 02-009-JJF (D. Del. Jan.4, 2002). The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, holding that the Court had properly dismissed the unauthorized second or successive petition for lack of jurisdiction. *See Ward v. Carroll*, No. 02-1262, Order (3d Cir. May 14, 2002). The Third Circuit also noted that Petitioner had previously requested, and had been denied, permission to file a second or successive

habeas petition. *Id.*

Presently pending before the Court is Petitioner's new Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 1989 convictions. (D.I. 3; D.I. 4) The Petition's sole ground for relief asserts that Petitioner's life sentence is illegal and should be vacated because the crime for which he was convicted, attempted felony murder, does not exist under Delaware law. (D.I. 4 at 5, 8)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

Petitioner's first § 2254 petition was denied on the merits, and challenged the same 1989 convictions that are being challenged in this proceeding. Petitioner either raised, or could have raised, the instant argument in his first petition. He also does not allege, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. Given this determination, the Court will dismiss as moot Petitioner's Motion for an Evidentiary Hearing (D.I. 36), his Motion for Bail Pending Habeas Corpus (D.I. 38), and his Motion to be Released on Own Recognizance (D.I. 44). The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Wilmington, Delaware
September 19, 2018

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE