IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LARRY L. WARD,                      :
                                    :
            Petitioner,             :
                                    :
      v.                            :        C.A. No. 15-487-LPS
                                    :
STATE OF DELAWARE,                  :
                                    :
            Respondents.            :

_____

## MEMORANDUM

### I.    INTRODUCTION

Pending before the Court are Petitioner Larry L. Ward's Motions for Rehearing En Banc
(hereinafter referred to as "Motion for Reconsideration") asking the Court to reconsider its denial of
his § 2254 Petition (D.I. 52; D.I. 53) for lack of jurisdiction because it constituted an unauthorized
second or successive habeas petition (D.I. 54: D.I. 55; D.I. 57). For the reasons discussed, the Court
will deny the Motions.

### II.   BACKGROUND

In 1989, a Delaware Superior Court jury convicted Petitioner Larry L. Ward of attempted
first degree intentional murder under 11 Del. C. § 636(a)(1) and possession of a deadly weapon
during the commission of a felony. *See Ward v. State*, 575 A.2d 1156, 1158 (Del. 1990); *Ward v. State*,
115 A.3d 1216 (Table), 2015 WL 35365, at *1 (Del. May 28, 2015). The Superior Court sentenced
him to life imprisonment plus a term of years. *Ward*, 2015 WL 35365, at *1. The Delaware
Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Ward*, 575 A.2d
at 1160.

In 1992, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 challenging his 1989 convictions. The Honorable Roderick R. McKelvie denied the

petition as meritless. *See Ward v. Snyder*, Civ. A. No. 92-359-RRM (D. Del. June 9, 1993).

Petitioner filed a subsequent habeas petition in January 2002, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it constituted an unauthorized second or successive petition. *See Ward v. Carroll*, Civ. A. No. 02-009-JJF (D. Del. Jan. 4, 2002). The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, holding that the Court had properly dismissed the unauthorized second or successive petition for lack of jurisdiction. *See Ward v. Carroll*, No. 02-1262, Order (3d Cir. May 14, 2002). The Third Circuit also noted that Petitioner had previously requested, and had been denied, permission to file a second or successive habeas petition. *Id.*

Thereafter, Petitioner filed another Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 1989 convictions. (D.I. 3; D.I. 4) The Petition's sole ground for relief asserted that Petitioner's life sentence is illegal and should be vacated because the crime for which he was convicted, attempted first degree intentional murder, does not exist under Delaware law. (D.I. 4 at 5, 8) The Court denied Petitioner's § 2254 Petition on September 19, 2018 after determining that it constituted an unauthorized second or successive habeas petition. (D.I. 52; D.I. 53) On October 2, 2018, Petitioner filed his first Motion for Reconsideration. (D.I. 54) He filed two additional Motions for Reconsideration (D.I. 55; D.I. 57) essentially re-asserting the same grounds presented in his first Motion for Reconsideration.

## III. LEGAL STANDARDS

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 59(e) is "a device to relitigate the original issue decided by the district

court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not for rearguing issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Notably, when a motion for reconsideration is filed within 28 days of the entry of judgment, it must be considered under Rule 59(e), not Rule 60(b). *See* Fed. R. Civ. P. 59(e) advisory committee's note (2009 amend.) (expanding former 10-day time period for filing a motion to alter or amend a judgment to 28 days); *Rankin v. Hunter*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e).").

## IV. DISCUSSION

Although titled "Motion for Rehearing En Banc," the Court will treat the instant Motions as though filed pursuant to Rule 59(e) because Petitioner filed the first Motion for Reconsideration within 28 days after the entry of judgment. In his Motions, Petitioner alleges that the Court erred in dismissing his Petition as second or successive because his argument that he was convicted of a crime that does not exist in Delaware was unavailable to him when he filed his prior requests for habeas relief. (D.I. 54 at 3; D.I. 55 at 3; D.I. 57 at 5) To support this contention, Petitioner contends that *Rambo v. State*, 939 A.2d 1275, 1281 (Del. 2007), which held that "[a]ttempted felony murder is not recognized to be a crime in Delaware," was not decided until 2007.

Petitioner's argument is unavailing. Contrary to his contention, Petitioner was convicted of

3

attempted first degree intentional murder under 11 Del. C. § 636(a)(1), not attempted felony murder under 11 Del. C. § 636(a)(2). (D.I. 52 at 1; *see also Ward v. State*, 115 A.3d 1216 (Table), 2015 WL 3536598, at *1 (Del. May 28, 2015) (affirming Superior Court's denial of same argument because "[t]he record reflects that Ward was charged with and convicted of Attempted Intentional Murder in the First Degree under 11 Del. C. § 636(a)1"). Therefore, *Rambo* is inapplicable to Petitioner's case. Additionally, while it is true that *Rambo* was not decided until 2007, Petitioner always could have argued that he believed he was convicted of attempted felony murder under § 636(a)(2) rather than attempted first degree intentional murder under 11 Del. C. § 636(a)(1). Given these circumstances, the Court concludes that Petitioner's allegations do not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's denial of the § 2254 Petition. Accordingly, the Court will deny Petitioner's Motions for Reconsideration.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motions for Reconsideration. The Court also declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

July 15, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE